### SILAS A. BURGESS *vs.* SCHOOL DISTRICT IN UXBRIDGE.

Authority to prosecute actions is not incident to the official power of the prudential com
   mittee of a school district.

A vote of a school district for its prudential committee " to look into the rights of the dis-
   trict " implies authority to consult counsel as to those rights, but not to prosecute an
   action; and a subsequent vote of the district to stop such an action does not render the
   district liable for expenses previously incurred by the committee in prosecuting it.

CONTRACT by an attorney at law on an account with items
extending from June 12, 1863, to January 22, 1864, the first three
of which were for professional services rendered in consultations
as to the rights of the defendants, and the rest for such services
and for expenses and taxable costs in the action of the defend-
ants against Richard D. Mowry and others, the school com-
mittee of Uxbridge, which was the subject of the decision re-
ported 9 Allen, 94.   Writ dated July 23, 1866.   Answer, that
the services were rendered, and expenses and costs incurred,
without the authority of the defendants.   At the trial in the
superior court, before *Rockwell,* J., these facts appeared :

Pursuant to a vote of the town of Uxbridge under the Gen.
Sts. *c.* 39, § 8, the voters of the defendant school district chose
three persons as a prudential committee on April 6, 1863, who
acted as such from that time till April 4, 1864 ; and at the same
time they voted " to instruct the prudential committee to look
into the rights of the district."   The committee, after consulting

together, and with the plaintiff, as to the rights of the district, ordered the plaintiff, on May 14, 1863, to bring the action against the school committee; attended at the trial of it in the superior court on January 22, 1864; and gave directions in relation to the trial, and for the taking of exceptions therein.

On May 31, 1865, the voters of the district chose an agent, whom they instructed " to stop the suit" and " to get counsel and ascertain how much, if any, expense the district is obliged to pay, and report at an adjourned meeting;" and on October 30, 1865, they voted " that the district pay all legal claims against said district," and also " that the district raise the sum of five hundred dollars for the purpose of paying or defending any or all the claims that are or may be presented against said district, and for the expenses of the same," and chose another agent whom they instructed " to consult counsel respecting the claims, and draw money from the town treasurer, and pay all claims that the counsel shall advise him to do, and to defend any others, and to pay all the expenses he may be to in said service."

The judge ruled that on these facts the plaintiff was not entitled to recover, and directed a verdict for the defendants, which was returned; and the plaintiff alleged exceptions.

*S. A. Burgess, pro se.*

*P. C. Bacon & P. E. Aldrich,* for the defendants.

CHAPMAN, C. J. It is not denied that the defendants had power to prosecute the action against Mowry and others, but it is denied that they gave the plaintiff authority to do so. They chose a prudential committee, and voted to instruct them " to ook into the rights of said district." The terms of this vote imply an authority to consult counsel as to their rights; but not authority to prosecute an action. Nor is the power to prosecute actions incident to the official power of the prudential committee. Their powers are carefully defined in Gen. Sts. *c.* 39; and this is not included. The cases cited, of *Clark* v. *Great Barrington,* 11 Pick. 263, and *Kingsbury* v. *School District in Quincy,* 12 Met. 99, do not favor the construction of the statute which is insisted on by the plaintiff. Nor are the defendants

estopped to deny the authority of the committee, on the ground that they were officers *de facto*. An agent cannot estop his principal, nor a public officer his constituents, from denying that he has exceeded his authority. Nor did the subsequent vote of the district to stop the suit imply a ratification of what had already been done. It rather implied the contrary.

No authority having been given to the plaintiff to prosecute the action, he cannot recover for his services or expenses in doing so. But some of the items of his account are for consultations as to the rights of the district; and it appears that the committee consulted with him on that subject. So far as the consultations related to that subject, and not to the prosecution of the action, he is entitled to recover.

*Exceptions sustained.*